IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDI GOODWIN | : | Case No. 2:22-cv-3118 |
| 28 ½ Benedict Avenue, Suite C | | |
| Norwalk, OH  44857, | : | |
| | | |
| Plaintiff, | : | Judge _____ |
| | | |
| v. | : | |
| | | |
| UNUM LIFE INSURANCE COMPANY | : | Magistrate Judge_____ |
| OF AMERICA | | |
| c/o Unum Group | : | |
| 1 Fountain Square | | |
| Chattanooga, TN 37402, | : | |
| | | |
| Defendant. | : | |

**COMPLAINT**

**Jury Demand Endorsed Hereon**

For her Complaint against the Defendant, Unum Life Insurance Company of America,

the Plaintiff, Brandi Goodwin, states as follows:

**Parties**

1.      The Plaintiff, Brandi Goodwin, was at all relevant times an employee of Fisher-

Titus Medical Center ("FTMC") and a participant in one or more employee welfare benefit plans

established and maintained by FTMC under the provisions of the Employee Retirement Income

Security Act ("ERISA") for the purpose of providing life insurance and disability benefits.

2.      The Defendant, Unum Life Insurance Company of America ("Unum"), is the

insurer of the long-term disability benefits at issue in this case under Policy No. 912324-001 and

is the insurer of the life insurance benefits at issue in this case under Policy No. 912325-001.

Unum is, therefore, the real party in interest with respect to these claims.

## Jurisdiction and Venue

3.      The Plaintiff's claims arise under ERISA.  Jurisdiction is based on 29 U.S.C.

§1132.

4.      Unum conducts insurance business throughout the state of Ohio, including within

Franklin County, Ohio.  Under 29 U.S.C. §1132(e)(2), venue is proper in the Eastern Division of

the Southern District of Ohio.

## Facts Common to All Claims

5.      At the time she became disabled, Goodwin was employed by FTMC as a Point of

Care Technician, a job that required her, *inter alia*, to lift up to 100 pounds and to stand or walk

for between 8 and 12 hours per day.

6.      Not long after she began working for FTMC, Goodwin contracted COVID-19, a

disease from which she has never recovered.

7.      Goodwin is now considered a "COVID Long Hauler," and several of her treating

physicians attest that she is unable to work.

8.      As documented by her medical records, Goodwin suffers from cardiovascular,

neurologic, and respiratory compromise, and she has also been diagnosed with postural

orthostatic tachycardia syndrome ("POTS").

9.       As a benefit of her employment, Goodwin is a participant in an employee welfare

benefit plan ("Disability Plan") established by FTMC for the purpose of providing short-term

and long-term disability benefits.

10.     Under the terms of the Disability Plan, Goodwin is considered to be disabled and entitled to a weekly short-term disability ("STD") benefit if she is limited from performing the material and substantial duties of her regular occupation and has a 20% or more loss of earnings.

11.     Under the terms of the Disability Plan, Goodwin is considered to be disabled and entitled to a monthly long-term disability ("LTD") benefit if she is limited from performing the material and substantial duties of her regular occupation and has a 20% or more loss of earnings.

12.     After Goodwin has received 24 months of payments, Unum considers her to be disabled and entitled to continuing LTD monthly payments if she is unable to perform the duties of any gainful occupation for which she is reasonably fitted by education, training, or experience.

13.     Also as a benefit of her employment, Goodwin is a participant in a life insurance plan (Life Plan) established by FTMC and insured by Unum.

14.     Goodwin is disabled for purposes of the Life Plan if she is unable to perform the duties of any gainful occupation for which she is reasonably fitted by education, training, or experience.

15.     If an individual is disabled for purposes of the Life Plan, Unum agrees to waive any premiums that would otherwise be due to maintain the life insurance coverage in effect throughout the period of disability.

16.     On or about January 29, 2021, Goodwin applied to Unum for STD benefits from the Disability Plan.  Unum approved her claim and paid her STD benefits through the duration of the 180-day STD period.

17.     At the conclusion of the STD period, Unum declined Goodwin's request for LTD disability benefits and for waiver of premium benefits from the Life Plan.

18.     Goodwin timely appealed both decisions, supplying additional evidence of disability.

19.     Unum denied both appeals.

20.     Goodwin has exhausted her administrative remedies.

### Count I – For "Own Occupation" LTD Benefits

21.     The foregoing allegations are incorporated by reference as if fully rewritten herein.

22.     Goodwin brings this claim under 29 U.S.C. §1132(a)(1)(B) and seeks legal relief in the form of payments due her under the "own occupation" provisions of the LTD Plan.

23.     Goodwin is disabled from performing the material and substantial duties of her regular occupation, and she has experienced more than a 20% loss of earnings due to her affliction with Long COVID and its associated conditions.

24.     By failing to pay Goodwin the benefits due her, Unum has breached the contractual obligations it owes her under the terms of Policy No. 912324-001.

25.     Because Unum's refusal to pay Goodwin benefits already due under the terms of Policy No. 912324-001 has been clear and unequivocal, Goodwin seeks payment of benefits due her in the future through the end of the "own occupation" period under the doctrine of anticipatory breach.

26.     Unum's decision to deny Goodwin's claim was arbitrary and capricious because, *inter alia*, Unum did not explain why it approved her STD claim but denied her LTD claim when the legal standards for disability are the same; Unum and its reviewing physicians refused to accept that "Long COVID" is a bona fide illness from which a disability could arise; Unum misclassified Goodwin's job as medium when it was obvious from her job description that

Goodwin's work fell into the category of "heavy" work; and Unum relied on paper reviews to the exclusion of medical opinions based upon in-person examinations and evaluation.

27.     As a result of Unum's breach of its obligation under the terms of the LTD Plan, Goodwin has suffered financial loss.

## Count II – For "Any Occupation" LTD Benefits

28.     The foregoing allegations are incorporated by reference as if fully rewritten herein.

29.     Goodwin brings this claim under 29 U.S.C. §1132(a)(1)(B) and seeks a determination of her rights under the LTD Plan.

30.     Due to disability, Goodwin is unable to engage in any gainful occupation and is, therefore, disabled from "any occupation."

31.     Goodwin seeks an order from this Court determining that she is disabled and entitled to continuing benefits following the close of the "own occupation" period.

32.     In the alternative, Goodwin seeks an order from this Court remanding Goodin's claim to Unum for the limited purpose of directing Unum to determine whether Goodwin remains disabled for purposes of the "any occupation" provisions of the LTD Plan.

## Count III – For Waiver of Premium Benefits Under the Life Plan

33.     The foregoing allegations are incorporated by reference as if fully rewritten herein.

34.     Goodwin brings this claim under 29 U.S.C. §1132(a)(1)(B) and seeks a determination of her rights under the Life Plan.

35.     Due to disability, Goodwin is unable to engage in any gainful occupation and is, therefore, disabled for purposes of the Life Plan.

36.     Because she is disabled for purposes of the Life Plan, Goodwin is entitled to a continuation of her life insurance coverage under the waiver of premium portion of the Life Plan.

37.     As a result of Unum's improper denial of her claim, Goodwin has suffered the loss of her life insurance coverage.

WHEREFORE, the Plaintiff, Brandi Goodwin, demands judgment in her favor and against the Defendant, Unum Life Insurance Company of America, as follows:

A.  An award of benefits for the 24-month duration of the "own occupation" period under the LTD provisions of the Disability Plan;

B.  A determination that Goodwin is disabled from "any occupation" and entitled to benefits under the "any occupation" period for so long as she remains disabled;

C.  A determination that Goodwin is disabled under the terms of the Life Plan and entitled to have her life insurance coverage continued in effect without the requirement that she pay the premiums for the coverage for so long as she remains disabled;

D.  Pre-judgment and post-judgment interest;

E.  Attorney's fees and the costs of this action; and

F.  Such other and further relief as the Court determines to be equitable and just.

/s/ Tony C. Merry
Tony C. Merry　　　(0042471)
Trial Attorney
Law Offices of Tony C. Merry, LLC
7100 N. High Street, Suite 302
Worthington, Ohio  43085
(614) 372-7114
(614) 505-6109 [fax]
tmerry@tmerrylaw.com
Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands trial by jury for her claim under Count I of her Complaint.

/s/ Tony C. Merry